## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

v.

                                               Case No. 2:25-cr-00394-MIS

SERGIO NUNEZ,

    Defendant.

### ORDER DENYING MOTION FOR SENTENCE REDUCTION

**THIS MATTER** is before the Court on Defendant Sergio Nunez's <u>pro se</u> Motion for Sentence Reduction ("Motion"), ECF No. 37, filed December 19, 2025.  The Government did not respond.

Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment for a defendant "'who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)."  <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)).  <u>See also</u> <u>United States v. Piper</u>, 839 F.3d 1261, 1266 (10th Cir. 2016) ("Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence under a Guidelines amendment if the reduction is consistent with U.S.S.G. § 1B1.10, the Sentencing Commission's relevant policy statement, and after considering the factors in 18 U.S.C. § 3553(a).").  Only the amendments listed in U.S.S.G. § 1B1.10(d) have been made retroactive.  <u>See</u> <u>United States v. Ramirez</u>, 698 F. App'x 943, 945 (10th Cir. 2017) ("Amendment 794 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission."); <u>see also</u> U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under

18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant[.]"). Thus, "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range . . . ." U.S.S.G. § 1B1.10 Appl. Note 1.

Here, Defendant requests "a sentence reduction, based on Amendment 2025; USSG Section 2D1.1(a)(5), Section 2D1.1(e)(2)." Mot. at 1. The Court construes Defendant's request as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), seeking retroactive application of Amendment 833 to the United States Sentencing Guidelines, effective November 1, 2025, which, inter alia, amended U.S.S.G. §§ 2D1.1(a)(5) and (e)(2). See United States Sentencing Commission, Amendment 833, https://perma.cc/TGR9-7UMZ.

However, Amendment 833 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission. United States v. Kleinknecht, 4:21-CR-3066, 2025 WL 3678479, at *1 (D. Neb. Dec. 18, 2025) (observing that "[t]he Sentencing Commission considered whether to make Amend. 833 retroactive . . . [b]ut after public notice and comment, the Commission decided not to") (first citing Sentencing Guidelines for United States Courts, 90 Fed. Reg. 19798, 19856, 2025 WL 1373272 (May 9, 2025), then citing U.S. Sentencing Comm'n Pub. Meeting Minutes, https://perma.cc/TXT3-7ZUT (Aug. 6, 2025)). Consequently, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2). See id. ("Because Amend. 833 is not retroactive, the Court cannot apply it pursuant to § 3582(c)(2)."); United States v. Leones, CASE NO: 8:20-cr-138-CEH-AAS, 2025 WL 3537608, at *3 (M.D. Fla. Dec. 10, 2025) (finding that because Amendment 833 is not listed in U.S.S.G. § 1B1.10(d), "the Court may not retroactively apply it to a defendant who is serving a term of imprisonment in order to reduce his sentence under 18 U.S.C. § 3582(c)(2)"); United States v. Ramirez-Roman, No. CR-21-01384-

2

001-TUC-JCH (EJM), 2025 WL 3718464, at *1 (D. Ariz. Dec. 23, 2025) (finding that Amendment 833 is not retroactive and that the defendant therefore was not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2)).

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, ECF No. 37, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE